UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT LEE JOHNSON, JR.,

    Plaintiff,

          v.    CAUSE NO. 3:23-CV-554-DRL-JEM

N. MASSEY, WAYNE PEEPLES, MARK NEWKIRK,

    Defendants.

OPINION AND ORDER

Robert Lee Johnson, Jr., a prisoner without a lawyer, filed a complaint alleging Aramark Cook Supervisor N. Massey sexually assaulted him in the kitchen at the Indiana State Prison. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnson alleges he was employed as a kitchen worker on April 28, 2022, when Cook Supervisor Massey "put her butt on [him] while bending over." ECF 1 at 2. He alleges she was grinding on him until another inmate entered the area. He says she then

had him removed in cuffs, claimed he had sexually assaulted her, wrote a negative employee review, and had him terminated from his job.

The Equal Protection Clause of the Fourteenth Amendment protects against sexual harassment by a state actor. *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015); *Locke v. Haessig*, 788 F.3d 662, 667 (7th Cir. 2015). In this context, "acting under color of law" means that the defendant had some authority by virtue of his or position that the defendant used in connection with the plaintiff's harassment. *Valentine v. City of Chicago*, 452 F.3d 670, 682–83 (7th Cir. 2006). Mr. Johnson's allegations against Cook Supervisor Massey state a claim against her in her individual capacity for monetary damages under the Fourteenth Amendment.

Mr. Johnson alleges District Manager Wayne Peeples is Cook Supervisor Massey's boss. He alleges Manager Peeples did not respond to a complaint letter and did not give him another job. He alleges Executive Assistant Mark Newkirk denied his classification appeal related to the loss of his job. These allegations do not state a claim. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]rison officials who reject [or fail to respond to] prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). A prisoner does not have a liberty or property interest in a prison job. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir.

2000). The claims against District Manager Peeples and Executive Assistant Newkirk will be dismissed.

For these reasons, the court:

(1) GRANTS Robert Lee Johnson, Jr. leave to proceed against Aramark Cook Supervisor N. Massey in her individual capacity for compensatory and punitive damages for sexually harassing him in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Wayne Peeples and Mark Newkirk;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Aramark Cook Supervisor N. Massey at the Indiana State Prison, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Aramark to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Aramark Cook Supervisor N. Massey to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 24, 2024  *s/ Damon R. Leichty*
Judge, United States District Court