UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT LEE JOHNSON, JR.,

    Plaintiff,

    v.       CAUSE NO. 3:23-CV-554 DRL-JEM

N. MASSEY,

    Defendant.

OPINION AND ORDER

Robert Lee Johnson, Jr., a prisoner without a lawyer, filed an amended complaint clarifying the factual basis for his claims against Aramark Cook Supervisor N. Massey. ECF 28. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnson alleges he was employed as a kitchen worker on April 28, 2022, when Cook Supervisor Massey "backed against" him while showing him how to clean. ECF 28 at 2. He alleges she then yelled at him to respect her and ordered him removed from the area by a correctional officer. He was removed to a guard hall where a captain and lieutenant reviewed a video and said Supervisor Massey's allegation of sexual contact

was mistaken. Mr. Johnson was not allowed to return to his job. Supervisor Massey wrote a report on May 16, 2022, saying he did "not meet Aramark standards" and recommended he "not [be] eligible for rehire" because a "a conduct report [was] issued [for] sexual conduct[.]" ECF 28-1 at 10. He was terminated on May 20, 2022. ECF 28-1 at 12. In the amended complaint Mr. Johnson states, "I never contacted her and never should have been fired for it." *Id*. at 3. He sues Supervisor Massey for making false allegations that resulted in his getting fired and for falsely writing that a conduct report was filed against him because the Disciplinary Hearing Body told him three times that no conduct report was filed. *See Id*. at 15-17.

The amended complaint does not state a federal claim for slander because the "interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Paul v. Davis*, 424 U.S. 693, 712 (1976). "Freedom from being described as 'dishonest' (or the equivalent) by a state actor is not a fundamental right. Indeed, we know from *Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L.Ed.2d 405 (1976), that it is not a constitutional right of any kind." *Salem v. Att'y Registration & Disciplinary Comm'n of Supreme Ct. of Illinois*, 85 F.4th 438, 443 (7th Cir. 2023).

Nor does the amended complaint state a due process claim. Accepting as true that Supervisor Massey falsely alleged both sexual conduct and a disciplinary report for it, she did not deny Mr. Johnson due process because he never received a conduct report. *See* ECF 28-1 at 15-17. *See Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984) ("We find that an allegation that a prison guard planted false evidence which implicates an inmate

2

in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.").

It is understandable that Mr. Johnson feels wronged if he was fired based on fabricated sexual assault allegations, but a prisoner does not have a liberty or property interest in a prison job, *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000), and he does not allege a retaliatory basis for a constitutional claim (nor does one manifest under the First Amendment or otherwise).[1] Therefore, the amended complaint does not state a claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons explained, such is the case here.

For these reasons, the court:

(1) DISMISSES this case under 28 U.S.C. § 1915A.

SO ORDERED.

June 13, 2025                                     *s/ Damon R. Leichty*
                                                  Judge, United States District Court

---

[1] Mr. Johnson opines that Supervisor Massey may have lied about his behavior because "she's in lust with me and upset I'm not checking for her how I was when she was a correctional officer." ECF 28-1 at 5. Even if true, that is not a basis for a retaliation claim under 42 U.S.C. § 1983.